T.C. Summary Opinion 2010-154


UNITED STATES TAX COURT


JAMES D. GROAT, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10463-09S.                  Filed October 14, 2010.


James D. Groat, Jr., pro se.

<u>Thomas R. Mackinson</u> and Timothy Froehle (specially

recognized), for respondent.



ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in

effect when the petition was filed.[1]  Pursuant to section

---

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2006 Federal income tax of $4,123.

After a concession by respondent,[2] the issues for decision are: (1) Whether petitioner is entitled to a deduction for the payment of legal fees; and (2) whether petitioner is entitled to a deduction for unreimbursed employee business expenses.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

Petitioner resided in the State of California when the petition was filed.

In November 2002, petitioner filed for divorce from his wife. Petitioner initially represented himself in the divorce action; petitioner's wife was represented by an attorney.

Petitioner began making informal spousal support payments to his wife in August 2002 when he moved out of the marital home. Through her attorney, petitioner's wife requested a formal amount of support in October 2003, which amount was awarded by the

---

[2] Respondent concedes that petitioner is entitled to a deduction for tax preparation fees of $240.

court.  In February 2004, petitioner signed an agreement for spousal support based upon a settlement officer's recommendations.

Sometime in 2005 petitioner discovered what he thought were discrepancies in his wife's financial disclosures suggesting that she was depositing approximately $10,000 per year into a bank account, which amount did not correlate to any other reported income source.  Petitioner subsequently sought legal representation to assist him with reducing the amount of spousal support he was paying to his wife.  As a result, petitioner incurred legal fees of $13,574 in 2006.  In September 2006, petitioner and his wife signed a marital settlement agreement, one of the terms of which reduced the amount of spousal support petitioner paid to his wife.

On December 31, 2006, petitioner's divorce became final. Petitioner continued to pay spousal support through March 2009, when his ex-wife remarried.

During 2006, petitioner worked as a hardware engineer for Lockheed Martin Corp. (Lockheed Martin).  Lockheed Martin provided petitioner with a workspace that included a laptop computer, a telephone, and Internet access.

At some point petitioner purchased a home computer and arranged to have Internet service provided to his home.  Because petitioner's Internet service provider could only provide

Internet access through a telephone line, petitioner also had a telephone line installed in his home. (Previously, petitioner maintained just a cellular telephone.) Petitioner used both the computer and the Internet service for personal and business purposes.

Petitioner upgraded his cellular telephone service in 2006 to allow him better access to the Internet so as to receive and send email messages when he was away from his workstation.

In 2006, petitioner purchased various office supplies and pieces of equipment such as computer software, batteries, a paper shredder, and a computer keyboard. Most of the equipment was used in the maintenance and use of petitioner's home computer, but according to petitioner some of the items (not identified in the record) were used exclusively at work.

During 2006, petitioner maintained a post office box where he received all of his personal mail and some business mail. Petitioner also incurred expenses for postage for work-related items.

Petitioner was not reimbursed nor was he eligible for reimbursement for any of the business-related expenses that he incurred in 2006.

Petitioner timely filed his 2006 Federal income tax return. Attached to his return was a Schedule A, Itemized Deductions, on which he claimed deductions for, inter alia, legal fees of

$13,574 and unreimbursed employee business expenses of $1,921. The unreimbursed employee business expenses consisted of $444 for Internet service, $621 for cellular telephone service, $694 for office supplies and equipment, and $162 for postal expenses.

In a notice of deficiency, respondent disallowed, inter alia, the deductions for legal fees and unreimbursed employee business expenses.

## Discussion

### I. Burden of Proof

In general, the Commissioner's determination in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Pursuant to section 7491(a), the burden of proof as to factual matters may shift to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with its requirements. Accordingly, petitioner bears the burden of proof. See Rule 142(a).

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This burden requires the

taxpayer to demonstrate that the deduction is allowable pursuant to some statutory provision and that the expense to which the deduction relates has been paid or incurred.  See sec. 6001 (requiring the taxpayer to keep and produce adequate records so as to enable the Commissioner to determine the taxpayer's correct tax liability); Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs.

II.  Legal Fees

Personal, living, and family expenses generally are not deductible by taxpayers.  Sec. 262(a).  Attorney's fees and other costs paid in connection with a divorce generally are personal expenses and therefore nondeductible.  Sec. 1.262-1(b)(7), Income Tax Regs.  On the other hand, expenses paid for the production or collection of income, or in connection with the determination, collection, or refund of any tax, generally are deductible.  Sec. 212(1), (3).

Section 1.262-1(b)(7), Income Tax Regs., provides that

the part of an attorney's fee and the part of the other costs paid in connection with a divorce * * *, which are properly attributable to the production or collection of amounts includible in gross income under section 71 are deductible by the * * * [person who receives amounts includible in gross income] under section 212.

Whether legal fees and expenses are deductible under section 212, or nondeductible under section 262(a), depends on the origin

of the underlying claim, not on its potential effects on the fortunes of the taxpayer.  See United States v. Gilmore, 372 U.S. 39, 51 (1963) (taxpayer was not entitled to deduct legal expenses incurred in divorce proceedings in which his spouse sought a share of his controlling interests in three corporations because his spouse's claims stemmed from the marital relationship, not from an income-producing activity).

Petitioner contends that the attorney fees in his divorce action were incurred in "defending [his] income" and attempting to reduce the previously agreed amount of alimony.  Petitioner further argues that the alimony paid "severely limited [his] ability to invest money that would have been income earning either as 401(k) monies or perhaps rental property or other business endeavors".  However, such fees are not made deductible by section 212 but rather are governed by the general rule of nondeductibility of attorney's fees related to divorce.  Sec. 262(a); United States v. Gilmore, supra; see also sec. 1.262-1(b)(7), Income Tax Regs.

Accordingly, petitioner is not entitled to a deduction for legal fees paid in 2006.

III.  Unreimbursed Employee Business Expenses

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  The determination of whether an

expense satisfies the requirements for deductibility under section 162 is a question of fact. Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

In general, an expense is ordinary if it is considered normal, usual, or customary in the context of the particular business out of which it arose. Deputy v. du Pont, 308 U.S. 488, 495 (1940). Generally, an expense is necessary if it is appropriate and helpful to the operation of the taxpayer's trade or business. Commissioner v. Tellier, 383 U.S. 687, 689 (1966); Carbine v. Commissioner, 83 T.C. 356, 363 (1984), affd. 777 F.2d 662 (11th Cir. 1985). On the other hand, section 262(a) generally disallows a deduction for personal, living, or family expenses.

The term "trade or business" as used in section 162(a) includes the trade or business of being an employee. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). Unreimbursed employee business expenses incurred as a requirement of a taxpayer's employment are deductible. Fountain v. Commissioner, 59 T.C. 696, 708 (1973). Where expenses may pertain to either personal or business use, a taxpayer may deduct that portion allocable to business use. Vanicek v. Commissioner, 85 T.C. 731, 742 (1985). Absent evidence from the taxpayer allocating the expenses between personal and business use, the Court may estimate a deductible amount, but we may bear heavily against the taxpayer whose

inexactitude is of his own making.  Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930).  However, the taxpayer must present sufficient evidence for the Court to form an estimate because without such a basis, any allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Vanicek v. Commissioner, supra at 742-743.

Notwithstanding the foregoing, the Court may not estimate a taxpayer's expenses with respect to the items enumerated in section 274(d).  Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); Rodriquez v. Commissioner, T.C. Memo. 2009-22 (strict substantiation requirements of section 274(d) preclude any approximation of expenses subject to that section).  Section 274 requires strict substantiation for listed property such as cellular telephones and computers or peripheral equipment.  See sec. 280F(d)(4).  Section 274(d) and the regulations thereunder require taxpayers to substantiate their deductions by adequate records or sufficient evidence establishing the amount, time, place, and business purpose of the expense to corroborate the taxpayer's own testimony.  See sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  In the absence of evidence establishing the elements of the expenditure or use, deductions must be disallowed entirely.  Sec. 274(d); Sanford v.

Commissioner, supra at 827-828; see also sec. 1.274-5T(a),
Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Finally, we note that certain deductions, including
unreimbursed employee business expenses, are subject to the 2
percent of adjusted gross income limitation under section 67(a).

A.  Telephone, Cellular Phone, and Internet Costs

Petitioner stated that he maintained a telephone line to his
home in order to have Internet access as required by his Internet
service provider.  However, basic service on the first telephone
line in a taxpayer's residence is deemed a nondeductible personal
expense.  Sec. 262(b).  Petitioner has not shown that his
landline telephone expenses were more than the basic service on a
first telephone line.  Thus, he is not entitled to any deduction
for the use of the telephone in his home.

Cellular telephones are included in the definition of listed
property, sec. 280F(d)(4)(A)(v), and are subject to the strict
substantiation requirements of section 274(d).  Petitioner has
not introduced evidence sufficient to substantiate the expense
and use of his cellular telephone.  Further, petitioner did not
demonstrate that any business use of his cellular telephone was
other than incidental.  Accordingly, petitioner is not entitled
to a deduction for cellular telephone expenses for 2006.

Petitioner stated that he maintained Internet access to his
home so that he could work after hours on research and to

communicate via email with coworkers.  But petitioner also used his computer and the Internet for personal purposes.

The Court has characterized Internet expenses as utility expenses.  Verma v. Commissioner, T.C. Memo. 2001-132.  Strict substantiation therefore does not apply, and the Court may estimate petitioner's deductible expenses provided that the Court has a reasonable basis for making an estimate.  Cohan v. Commissioner, supra at 544; see Vanicek v. Commissioner, supra at 742-743 (an estimate must have a reasonable evidentiary basis); Pistoresi v. Commissioner, T.C. Memo. 1999-39.  Petitioner has not demonstrated that his business use of the Internet was other than incidental, nor has petitioner presented any evidence allocating his personal and business use of the Internet; thus the Court is unable to estimate a deductible amount. Accordingly, petitioner is not allowed a deduction for costs associated with Internet access.[3]

B.  Supplies and Equipment

Petitioner contends that he purchased various office supplies and equipment for his computer to enable him to work after hours.

One of the equipment items was an upgrade of petitioner's cellular telephone.  As discussed supra p. 10, petitioner is not

---

[3]  We note that Lockheed Martin provided Internet access to petitioner at his place of business.

entitled to a deduction for the upgrade of his cellular telephone. See secs. 280F(d)(4)(A)(v), 274(d).

The other supply and equipment items include, inter alia, computer software, batteries, a paper shredder, and a computer keyboard. Petitioner has not presented any evidence allocating his personal and business use of these items; thus the Court is precluded from estimating a deductible amount. Therefore, petitioner is not allowed a deduction for other supplies and equipment.

C. <u>Postal Expenses</u>

Petitioner maintained a post office box for the receipt of all of his mail. Petitioner also incurred expenses for postage but acknowledged at trial that he did not "recall the specific details" of the mailings. We conclude that petitioner is not entitled to a deduction for postal expenses as they are personal expenses. See sec. 262(a).

<u>Conclusion</u>

We have considered all of the other arguments made by petitioner, and, to the extent that we have not specifically addressed them, we conclude that they are without merit.

To reflect our disposition of the disputed issues, as well as respondent's concession,

<u>Decision will be entered</u>

<u>under Rule 155</u>.